IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EWU Media, LLC<br>3225 McLeod Drive, #110<br>La Vegas, NV 89121<br><br>      Plaintiff,<br><br>v.<br><br>Federal Bureau of Investigation<br>935 Pennsylvania Avenue, NW<br>Washington, DC 20535-0001<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No: 23-cv-1680<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**I.  INTRODUCTION**

1. Plaintiff EWU Media, LLC ("EWU") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Federal Bureau of Investigations (hereinafter "FBI") in failing to provide EWU with all non-exempt records responsive to its September 2, 2022, FOIA request to this federal agency, seeking audio and video records from the mass shooting incident that occurred on April 20, 1999 at the Columbine High School in Columbine, Colorado.

**II.  JURISDICTION**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

– 1 –

COMPLAINT

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, EWU Media, LLC, is a news media organization that, at all times relevant herein, has been headquartered in Las Vegas, Nevada.

5. Defendant Federal Bureau of Investigation is a federal agency of the United States, and sub-component of the United States Department of Justice, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform to agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a

FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS

13. On or about September 2, 2022, EWU Media, LLC (EWU) sent a FOIA request to the Federal Bureau of Investigation (FBI), seeking audio and video records from the mass shooting incident that occurred on April 20, 1999, at the Columbine High School in Columbine, Colorado.

14. On or about September 8, 2022, EWU wrote the FBI, and indicated their willingness to pay the $30.00 FOIPA processing fees for Plaintiff's September 2, 2022, FOIA request.

15. On or about September 20, 2022, EWU received a written response from the FBI, confirming receipt of EWU's September 2, 2022 FOIA request, and assigning this matter as

Freedom of Information/Privacy Acts (FOIPA) Request No.: 1560414-000.

16. On or about September 21, 2022, EWU received a written response from the FBI advising that "unusual circumstances" apply to the processing of the request and that it would delay the FBI's ability to make a determination of the request within 20 days for processing Plaintiff's September 2, 2022, FOIA request.

17. On or about September 29, 2022, EWU received a written response from the FBI advising that their fee waiver request for EWU's September 2, 2022, FOIA request was denied.

18. On or about October 11, 2022, EWU received a written response from the FBI indicating there would be costs associated with the FOIPA processing fees and costs for the records responsive to EWU's September, 2, 2022, FOIA request.

19. On or about October 26, 2022, EWU sent a written response to the FBI regarding the estimated cost of producing CDs of records responsive to EWU's September 2, 2022 FOIA request.

20. On or about November 2, 2022, EWU administratively appealed the FBI's FOIA fee waiver denial decision regarding EWU's September 2, 2022, FOIA request.

21. On or about November 3, 2022, the U.S. Department of Justice ("DOJ") acknowledged EWU's administrative appeal, and informed EWU that it had assigned the appeal with the tracking number A-2023-00196.

22. On or about January 18, 2023, EWU sent an email to the DOJ, requesting information on the status of the DOJ issuing a decision on EWU's administrative appeal for its September 2, 2022, FOIA request.

23. On or about January 19, 2023, the DOJ sent an email to the EWU, regarding its FOIA appeal, No. A-2023-00196 indicating that it was unable to predict accurately when a final determination would be made for EWU's FOIA administrative appeal. The DOJ indicated that it would be at least another eight weeks to complete issue a final decision on the appeal for EWU's September 2, 2022, FOIA request.

24. On or about March 14, 2023, EWU received a written response from the DOJ concluding that the request for waiver of fees was properly denied in response to EWU's September 2, 2022, FOIA request.

25. On or about April 04, 2023, the FBI sent a response indicating that responding to the EWU's September 2, 2022, FOIA request would take approximately 77 months to complete.

26. On or about April 7, 2023, the FBI e-mailed EWU's representative regarding a follow up to an April 4th communication regarding EWU's September 2, 2022, FOIA request.

27. On or about April 10, 2023, EWU sent an email to the FBI clarifying that the scope of their request was limited to the records involving videos and/or audio records expressly identified in EWU's September 2, 2022, FOIA request, and requesting an estimated date of completion to provide responsive records to EWU's September 2, 2022, FOIA request.

28. On or about April 11, 2023, the FBI e-mailed EWU's representative regarding the scope of EWU's September 2, 2022, FOIA request.

29. On or about April 14, 2023, the FBI once again e-mailed EWU's representative about the scope of EWU's September 2, 2022, FOIA request.

30. On or about April 14, 2023, EWU's representative e-mailed the FBI a response regarding the scope of EWU's September 2, 2022, FOIA request.

31. On or about April 17, 2023, the FBI e-mailed EWU's representative confirming the scope of EWU's September 2, 2022, FOIA request.

32. On or about April 20, 2023, the FBI and EWU exchanged several e-mails related to withdrawal of Plaintiff EWU's counsel representative, EWU's new contact information, and confirming the scope of EWU's September 2, 2022, FOIA request.

33. On or about April 20, 2023, the FBI e-mailed EWU about receipt of the contact for EWU, and indicating that it would take the agency approximately 77 months to provide the records responsive to EWU's September 2, 2022, FOIA request.

34. On or about April 24, 2023, the FBI e-mailed EWU about the status for EWU's September 2, 2022, FOIA request.

35. On or about May 1, 2023, EWU e-mailed the FBI confirming the scope of EWU's September 2, 2022, FOIA request.

36. On or about May 01, 2023, the FBI sent an email confirming the status of EWU's September 2, 2022, FOIA request.

37. As of the date of this filing, EWU has not received any responsive records, nor a final decision, for their September 2, 2022, FOIA request.

## VII. CLAIMS FOR RELIEF

38. EWU realleges, as if fully set forth herein, paragraphs 1-37 previously set forth herein.

39. Defendant FBI has violated FOIA by failing to provide EWU with all non-exempt responsive records for its September 2, 2022, FOIA request.

40. By failing to provide EWU with all non-exempt responsive record to its September 2, 2022, FOIA request as described in paragraph 13 above, Defendant FBI has denied EWU's right to this information as provided by the Freedom of Information Act.

41. Defendant FBI has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to EWU's September 2, 2022, FOIA request.

42. By failing to perform an adequate search reasonably calculated to locate all responsive records to EWU's September, 2022, FOIA request, Defendant FBI has denied EWU's right to this information as provided by law under the Freedom of Information Act.

43. Unless enjoined by this Court, Defendant FBI will continue to violate EWU's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 13 above.

44. EWU is directly and adversely affected and aggrieved by Defendant FBI's failure to provide responsive records to its FOIA request described above.

45. EWU has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

46. EWU is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for AWHC, providing the following relief:

1. Declare Defendant FBI has violated FOIA by failing to provide EWU with all

non-exempt records responsive to its September 2, 2022, FOIA request.

2. Declare Defendant FBI has violated FOIA by failing to complete an adequate search for records responsive to EWU's September 2, 2022, FOIA request.

3. Direct by injunction that Defendant FBI perform an adequate search for records responsive to its September 2, 2022, FOIA request and provide FBI with all non-exempt responsive records to EWU's September 2, 2022 FOIA request.

4. Grant EWU's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

DATED: This 9th day of June, 2023.

Respectfully submitted,

 /s/ Daniel J. Stotter
Daniel J. Stotter (WI0015)
STOTTER LAW OFFICES LLC
P.O. Box 1753
Corvallis, Oregon 97339
(541) 738-2601
dstotter@qwestoffice.net

**Attorney for Plaintiff**