UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EWU MEDIA LLC,<br><br>　　Plaintiff,<br><br>　　v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>　　Defendant. | Civil Action No. 23-1680 (RCL) |

## ANSWER

The Federal Bureau of Investigation ("Defendant"), by and through undersigned counsel, submits this Answer to the Complaint filed by EWU Media LLC ("Plaintiff") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. To the extent an allegation is not admitted, it is denied. Defendant responds to the Complaint in like-numbered paragraphs as follows:

### I.　　INTRODUCTION[1]

1. Paragraph 1 consists of Plaintiff's characterization of the present action, to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to bring this action under FOIA.

### II.　　JURISDICTION

2. Paragraph 2 consists of conclusions of law, to which no response is required.

### III.　　VENUE

3. Paragraph 3 consists of conclusions of law, to which no response is required.

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

## IV.  PARTIES

4. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Defendant denies that it is an agency pursuant to 5. U.S.C. § 552(f) but admits that it is a component of the Department of Justice, a federal agency, and is subject to FOIA.

## V.  LEGAL FRAMEWORK OF FOIA

6. Paragraph 6 consists of Plaintiff's characterization of FOIA, to which no response is required.

7. Paragraph 7 consists of Plaintiff's characterization of FOIA, to which no response is required.

8. Paragraph 8 consists of Plaintiff's characterization of FOIA, to which no response is required.

9. Paragraph 9 consists of Plaintiff's characterization of FOIA, to which no response is required.

10. Paragraph 10 consists of Plaintiff's characterization of FOIA, to which no response is required.

11. Paragraph 11 consists of Plaintiff's characterization of FOIA, to which no response is required.

12. Paragraph 12 consists of Plaintiff's characterization of FOIA, to which no response is required.

## VI.  FACTUAL ALLEGATIONS

13. Defendant avers that it received a FOIA request on behalf of Plaintiff dated September 8, 2022, and respectfully refers the Court to the request for a complete and accurate statement of its contents.

14. Defendant avers that, as part of its September 8, 2022, eFOIPA request, Plaintiff agreed to pay $30 in the event its request for a fee waiver was denied.

15. Defendant avers that, via letter dated September 20, 2022, it confirmed receipt of Plaintiff's September 8, 2022, FOIA request and assigned Freedom of Information/Privacy Acts (FOIPA) Request Number 1560414-000.

16. Defendant admits only that, via letter dated September 21, 2022, it informed Plaintiff that unusual circumstances applied to the processing of its request, and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

17. Defendant admits only that, via letter dated September 29, 2022, it informed Plaintiff that Plaintiff's fee waiver request was denied.

18. Defendant admits only that, via letter dated October 11, 2022, it informed Plaintiff of the anticipated processing fees.

19. Defendant admits only that, via letter dated October 26, 2022, Plaintiff's representative provided a response to the FBI regarding the estimated cost of producing CDs of responsive records.

20. Defendant admits only that, on November 2, 2022, Plaintiff's representative filed an administrative appeal with the Department of Justice, Office of Information Policy (OIP), and respectfully refers the Court to the appeal for a complete and accurate statement of its contents.

21. Defendant admits that, via letter dated November 3, 2022, OIP acknowledged receipt of Plaintiff's administrative appeal and assigned tracking number A-2023-00196.

22. Defendant admits that, via email dated January 18, 2023, Plaintiff requested from OIP the status of its FOIA request.

23. Defendant admits only that, via email dated January 19, 2023, OIP informed Plaintiff that it was unable to accurately predict when a determination would be made on Plaintiff's appeal and estimated it would be at least eight more weeks.

24. Defendant admits only that, via letter dated March 14, 2023, OIP informed Plaintiff that it was upholding the FBI's fee waiver denial.

25. Defendant admits only that, via email dated April 4, 2023, the FBI advised Plaintiff's former counsel that the average processing time for extra-large track requests was approximately 77 months.

26. Defendant admits only that, via email dated April 7, 2023, the FBI followed up with Plaintiff's former counsel regarding its April 4, 2023, email asking if Plaintiff would like to reduce the scope of its request.

27. Defendant admits only that, via email dated April 10, 2023, Plaintiff narrowed the scope of its request and requested a revised date of completion.

28. Defendant admits only that, via email dated April 11, 2023, the FBI contacted Plaintiff's former counsel concerning the scope reduction of Plaintiff's request.

29. Defendant admits only that, via email dated April 14, 2023, the FBI followed up with Plaintiff's former counsel on its April 11, 2023, email.

30. Defendant admits only that, via email dated April 14, 2023, Plaintiff's former counsel informed the FBI that he would respond after conferring with his client.

31. Defendant admits only that, via email dated April 17, 2023, the FBI emailed Plaintiff's former counsel regarding the scope reduction of the request.

32. Defendant admits only that, via emails dated April 20, 2023, it corresponded with Plaintiff's former counsel and Plaintiff regarding the withdrawal of Plaintiff's counsel, Plaintiff's new representative, and the scope of Plaintiff's request.

33. Defendant admits only that, via email dated April 20, 2023, the FBI confirmed Plaintiff's new representative and advised that the average time to complete extra-large track requests was approximately 77 months.

34. Defendant admits only that, via email dated April 24, 2023, the FBI contacted Plaintiff regarding the scope of its FOIA request.

35. Defendant admits only that, via email dated May 1, 2023, Plaintiff confirmed the scope of its FOIA request.

36. Defendant admits only that, via email dated May 1, 2023, the FBI confirmed the scope of Plaintiff's FOIA request.

37. Defendant admits that, as of the date of the Complaint, it has not released records responsive to Plaintiff's September 8, 2022, FOIA request.

## VII.   CLAIMS FOR RELIEF

38. Defendant reasserts, as if fully set forth herein, its responses to paragraphs 1-37.

39. Paragraph 39 consists of conclusions of law, to which no response is required.

40. Paragraph 40 consists of conclusions of law, to which no response is required.

41. Paragraph 41 consists of conclusions of law, to which no response is required.

42. Paragraph 42 consists of conclusions of law, to which no response is required.

43. Paragraph 43 consists of conclusions of law, to which no response is required.

44. Paragraph 44 consists of conclusions of law, to which no response is required.

45. Paragraph 45 does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

46.     Paragraph 46 consists of conclusions of law, to which no response is required.

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement these defenses as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of this litigation.

1.      The Court lacks subject matter jurisdiction over Plaintiff's request for relief to the extent that it exceeds the relief authorized under FOIA. *See* 5 U.S.C. § 552.

2.      Plaintiff is not entitled to information or records excluded under FOIA or protected from disclosure by one or more of the exemptions to FOIA.

3.      Plaintiff is not entitled to records or portions of records not reasonably segregable from portions of records protected from disclosure by one or more of the exemptions to FOIA.

4.      In responding to Plaintiff's FOIA requests, Defendant is exercising due diligence considering the existence of exceptional circumstances. *See* 5 U.S.C. § 552(a)(6)(C).

5.      To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs'

complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

6. Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

\* \* \*

Date: August 11, 2023
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: */s/ Sam Escher*
SAM ESCHER, D.C. Bar #1655538
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2531
sam.escher@usdoj.gov

*Attorneys for the United States of America*